**UNITED STATES of America**

v.

**Craig ARNO, Appellant.**

**No. 08–3566.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) June 26, 2009.

Filed: July 30, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Lori M. Koch, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: BARRY, SMITH, Circuit Judges and DuBOIS, District Judge.*

---

* The Honorable Jan E. DuBois, Senior District

## OPINION

DUBOIS, District Judge.

Defendant–Appellant Craig Arno appeals the sentence of 24–months imprisonment and two years of supervised release imposed by the United States District Court for the District of New Jersey for three violations of the terms of his supervised release. For the reasons that follow, we conclude that the District Court did not abuse its discretion in its sentencing decision, and we will affirm.

### I.

Because we write primarily for the benefit of the parties, we will only summarize those facts that are helpful to our discussion.

On December 17, 1997, Arno pled guilty to several crimes,[1] for which he was sentenced on April 8, 1998 to six concurrent 70–month terms of imprisonment and a total of five years of supervised release. Defendant was released from custody on June 27, 2002 and his supervised release commenced on that date. The sentence imposed for violation of supervised release is challenged on appeal.

On July 31, 2008, Arno appeared before the Honorable Jerome B. Simandle and pled guilty to three Grade B violations of the terms of his supervised release, all of which involved the commission of another crime—namely: (1) theft by unlawful taking for identity theft; (2) theft by unlawful taking for stealing a car; and (3) evading arrest. At the Sentencing Hearing, the Government requested the statutory maximum sentence of 36 months imprisonment. Defense counsel sought a sentence in the 6

to 12 month range recommended by the Sentencing Guidelines. The District Court revoked Arno's supervised release and sentenced him to 24–months imprisonment to run consecutively to his state sentences for the crimes underlying the first two violations of supervised release, followed by two years of supervised release.

On appeal, Arno argues that the sentence was unreasonable because the District Court inappropriately weighed the factors outlined in 18 U.S.C. § 3553(a) in two main ways. First, the District Court placed too much weight on the conduct underlying Arno's violations of supervised release, evincing an intent to punish not Arno's breach of the court's trust, but the underlying crimes themselves, which is inappropriate when sentencing violations of supervised release. Second, the District Court failed to give meaningful consideration to mitigating factors such as the adverse impact of his cessation of therapy and medication for bipolar disorder, the amount of time he served in prison on the underlying convictions, and his history of compliance with the terms of his supervised release.

### II.

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the reasonableness of sentencing determinations for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).

---

Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. The convictions included: bank fraud, in violation of 18 U.S.C. § 1344(a); uttering counterfeit obligations, in violation of 18 U.S.C. § 471; two counts of possession of

counterfeiting instruments, in violation of 18 U.S.C. § 513(a); fraud with identification documents, in violation of 18 U.S.C. § 1028(a); and illegal possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

170

In determining whether the District Court's sentence is "reasonable," the appellate court considers whether the District Court gave "meaningful consideration" to the § 3553(a) factors and "reasonably applied those factors to the circumstances of the case." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir.2007); *see also* 18 U.S.C. § 3583(e) (listing relevant factors under 18 U.S.C. § 3553(a) for purposes of modification or revocation of supervised release). The sentencing court need not " 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.' " *Bungar*, 478 F.3d at 543 (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)). In addition, a sentence is not rendered unreasonable simply because the District Court "fail[ed] to give mitigating factors the weight a defendant contends they deserve...." *Bungar*, 478 F.3d at 546.

The record demonstrates that the District Court meaningfully considered the § 3553(a) factors in imposing its sentence. The District Court provided an array of reasons weighing in favor of a sentence above the Guidelines range. For instance, the Court discussed the fact that there were three Grade B violations, rendering "the guideline range itself ... quite inadequate to address this serious of a situation." (Appellant's App. 82.) The Court found the violations "profound" and "so similar to the type of conduct" for which Arno was originally sentenced in 1998 that they necessitated "deterrence" for Arno as well as protection for victims in society such as the companies and authorities he defrauded. (*Id.* at 84, 85, 87.)

In particular, the District Court gave ample consideration to the mitigating factors that Arno contends the Court neglected. Specifically, the Court acknowledged

Arno's compliance during the first three years of his supervised release and explicitly stated that the time Arno had already served on one of the underlying convictions "will be reflected in [the] sentence ... [as] something that suggests ... that a maximum sentence of 36 months would be greater than necessary, and that some lesser sentence should be found." (*Id.* at 83.) In addition, the Court recognized the influence of Arno's mental health on his past conduct and on his prospective need for treatment and rehabilitation. The Court noted, however, that it was Arno who "decided to stop [treatment] in early 2005," and it ordered that mental health treatment be included as part of Arno's sentence. (*Id.* at 85, 90.) Moreover, the Court considered the fact that Arno would "benefit from being under continued supervision" as another reason not to impose the maximum sentence. (*Id.*) In light of the District Court's "appropriate and judicious consideration" of the § 3553(a) factors, we conclude that the District Court did not abuse its discretion in its sentencing decision. *Bungar*, 478 F.3d at 543 (quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir.2006)).

### III.

For all of the foregoing reasons, we will affirm the judgment of the District Court.